# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BILLY JOE WHITTINGTON  :
and PATRICIA WHITTINGTON,
                                                     :
    Plaintiffs,
                                                     :
vs.                                                                    CA 09-0772-KD-C
                                                     :
ROBERT WATKINS, et al.,
                                                     :
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the removal petition (Doc. 1; *see also* Docs. 2-3, 5 & 7-9), plaintiff's motion to remand (Doc. 10; *see also* Doc. 11; *see* Docs. 12-30), the notice of consent to removal and joinder in removal filed by defendant Robert Watkins on December 23, 2009 (Doc. 31), the removing defendant's response in opposition to the remand motion (Doc. 33), defendant Watkins' joinder in the removing defendant's response (Doc. 34), and plaintiff's reply (Doc. 35). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the motion to remand (Doc. 10) and **REMAND** this case to the

Circuit Court of Mobile County, Alabama from whence it came.

## FINDINGS OF FACT

1. Plaintiffs initially filed this negligence, wantonness, and loss of consortium action in the Circuit Court of Mobile County, Alabama on November 24, 2008. (Doc. 1, Exhibit B(3), at 1-2) The Conlan Company, with the concurrent consent of co-defendant Robert Watkins,[1] removed the action to this Court on June 17, 2009, alleging diversity of citizenship and pointing to documentation received by the defendants indicating that Billie Joe Whittington's medical expenses arising from the November 14, 2008 motor vehicle accident, made the basis of his lawsuit, totaled $148,430.39. *See Whittington v. Watkins*, CA 09-0352-KD-M, Doc. 1. This Court remanded the action to the Mobile County Circuit Court, by order dated September 23, 2009, on the basis that the documentation upon which the removing defendants purported to predicate subject-matter jurisdiction was not received from the plaintiffs and, therefore, under *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008), such documentation did not constitute "other paper" under the second paragraph of

---

[1] Watkins' attorney was a signatory to this removal petition. *See Whittington v. Watkins,* CA 09-0352-KD-M, Doc. 1, at 4.

28 U.S.C. § 1446(b). (*See* Doc. 1, Exhibits B(3)-B(4))

2. The Conlan Company filed another notice of removal on November 24, 2009, one year to the day following the filing of plaintiffs' complaint. (*Compare* Doc. 1, at 1 *with* Doc. 1, Exhibit A, COMPLAINT) This notice of removal reads, in relevant part, as follows:

> 5. Through recent State court discovery, Conlan has received Plaintiff Billy Joe Whittington's [] certified medical records, including certified copies of the Plaintiff's medical bills. Furthermore, Conlan took the depositions of the various record custodians of the Plaintiff's medical providers which show, by a preponderance of the evidence, that the amount in controversy in this action exceeds $75,000.00.
>
> The Plaintiff, Billy Whittington, indicated in his discovery responses to Conlan's First Set of Interrogatories and Requests for Production, and in his responses to Conlan's Request for Admissions, that he received treatment for injuries made the basis of his Complaint at Vanderbilt University Medical Center, Vanderbilt University Stallworth Rehabilitation, Star Physical Therapy, and The University of South Alabama Hospitals. The Plaintiff has also acknowledged that he is seeking a claim for lost wages. The Plaintiff's responses and supplemental responses to Interrogatories 18 and 19 of Conlan's First Set of Interrogatories and Requests for Production indicate that the Plaintiff has not sustained any injuries after the accident made the basis of the Plaintiff's complaint, and that the only injur[y] the Plaintiff suffered prior to the accident w[as] a broken foot in 2002 where the Plaintiff recovered 100%.
>
> Conlan has taken the depositions of the billing records custodians of the Plaintiff's referenced medical providers and has obtained certified copies of the Plaintiff's medical records

3

from Vanderbilt University Medical Center, Star Physical Therapy, Vanderbilt University Stallworth Rehabilitation, and The University of South Alabama Hospitals. The testimony from these depositions and the certified records associated therewith clearly prove that Plaintiff, Billy Joe Whittington, has received treatment in the amount of $115,777.74.

. . .

6. . . . Conlan has now received certified documents and sworn deposition testimony that the amount in controversy exceeds $75,000.00. The certified records were produced in response to a valid release offered by the Plaintiff. Exhibit I(1) reveals a total of $50,717.66 of treatment, Exhibits J(1)(a) [] shows the Plaintiff's medical treatment was $11,090.00. Exhibits K(1) and L(1) show the Plaintiff's treatment at these medical institutions was $34,587.48 and $19,382.60, respectively. The total amount of certified bills which have been confirmed through deposition testimony are $115,777.74. If the lost wage claim is added to these medical bills, the total amount in controversy would be at least $141,631.74[] ($115,777.74 + 25,854.00). These documents show by a preponderance of the evidence, pursuant to *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), that the amount in controversy is well in excess of $75,000.00. . . . Conlan respectfully requests this Honorable Court weigh the evidence attached to this Notice of Removal, which was obtained in State court discovery, pursuant to the holding in *Lowery*. Engaging in such an assessment would not be "guess work" and would not require speculation, as the evidence submitted consists of certified records and sworn testimony. Deposition testimony is "other paper" which can be considered by this Honorable Court.

In addition to the medical records obtained, an offer of judgment in the amount of $100,000.00 was made to the Plaintiffs by Conlan on October 21, 2009. The Plaintiffs, through their non-response to the same, rejected this offer of judgment, which is further evidence that they seek more than

4

$100,000.00 from Conlan in this action. Additionally, Defendant Robert Watkins sent the Plaintiff a letter dated October 21, 2009, wherein Watkins discussed removal and asked the Plaintiffs, in good faith, to stipulate that the Plaintiffs would not seek more than $75,000.00 in this action. The Plaintiffs refused to sign this stipulation which is further evidence that the amount in controversy exceeds $75,000.00.

7. ***The November 21, 2009[2] depositions confirmed the amount of the Plaintiff's medical bills contained in the certified records, and this action is removed within thirty (30) days of notice thereof to Conlan pursuant to 28 U.S.C. § 1446(b) and Lowery.***

8. ***Defendant Robert Watkins consents to and joins in said removal pursuant to 28 U.S.C. § 1446(a).***

(Doc. 1, at 3-4, 5 & 6-7 (internal citations omitted; emphasis supplied))

3. While Conlan's removal petition clearly states that Watkins was consenting to same (Doc. 1, ¶ 8), Watkins' attorney did not sign this removal petition, as he had the previous one (*compare* Doc. 1, at 8 *with Whittington v. Watkins*, CA 09-0352-KD-M, Doc. 1, at 4), and Watkins did not file his written notice of consent to removal and joinder in removal until December 23, 2009 (Doc. 31), several hours after plaintiffs identified the lack of unanimity

---

[2] It is clear to the undersigned, from considering all record of evidence, that this is the date, that is, November 21, 2009, upon which the removing party is stating that it received the deposition transcripts, inasmuch as it is clear that the depositions made the basis of this second removal occurred on either November 11, 2009 (*see* Doc. 2, Exhibit I, Deposition of Tiffany Henderson; Doc. 5, Exhibit J, Deposition of Damon Adelgren; Doc. 7, Exhibit K, Deposition of Shelly Manus) or November 16, 2009 (Doc. 9, Exhibit L, Deposition of Teresa M. Englestead).

in their motion to remand (*compare id. with* Doc. 11, at 3-4 & 5-9). Of course, December 23, 2009 falls more than thirty (30) days after the date upon which Conlan identifies in the removal petition as the date the case became removable (*see* Doc. 1, at ¶ 7 ("The November 21, 2009 depositions confirmed the amount of the Plaintiff's medical bills contained in the certified records, and this action is removed within thirty (30) days of notice thereof to Conlan pursuant to 28 U.S.C. § 1446(b) and *Lowery*.")) and almost one month to the day after the one-year period for removal provided by statute, *see* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ***except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action***." (emphasis supplied)).

## **CONCLUSIONS OF LAW**

1.   The undersigned is ever mindful that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to

be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *Jeffcoat v. American Gen'l Life & Acc. Ins. Co.,* 2001 WL 611196, *1 (M.D. Ala. 2001) ("Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. . . . 'All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court.'"). In *Russell Corp., supra*, the Eleventh Circuit recognized that even though some might regard certain bright-line "limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals)" as arbitrary and unfair, those limitations "are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." 264 F.3d at 1050; *see Jerrell v. Kardoes Rubber Co., Inc*., 348 F.Supp.2d 1278, 1283 (M.D. Ala. 2004) ("Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege.").

2. "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp., supra*, 264 F.3d at 1044. This requirement has been interpreted in this district to mean that "'each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).'" *Leaming v. Liberty University, Inc.,* 2007 WL 1589542, *2 (S.D. Ala. 2007), quoting *Diebel v. S.B. Trucking Co.,* 262 F.Supp.2d 1319, 1328 (M.D. Fla. 2003) (other citations omitted). While "the rule 'does not require that every defendant actually sign the same petition,' [] consent 'must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent.'" *Id*. at *3, quoting *Clyde v. National Data Corp.*, 609 F.Supp. 216, 218 (N.D.Ga. 1985) (other citation omitted). Relevant to this case, the 30-day period within which oral or written consent must have been expressed is, of course, measured with regard to service of "other" paper establishing the basis for removal jurisdiction. *Compare Loftis v. United Parcel Service, Inc.,* 342 F.3d 509, 516 (6th Cir. 2003) ("[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading

demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.") *with* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, ***a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable***[.]" (emphasis supplied)); *see also Esposito v. Home Depot, U.S.A., Inc.,* 436 F.Supp.2d 343, 345 (D.R.I. 2006) ("[E]ach defendant must independently manifest its consent to removal 'clearly and unambiguously to the Court' within the 30 days allotted by the removal statute[.]").

3.  A lack of unanimity in removal, along with the often hand-in-hand statutory time limit for removal petitions, are procedural defects as

opposed to jurisdictional defects, *compare Hernandez v. Seminole County, Florida*, 334 F.3d 1233, 1237 (11th Cir. 2003) ("'The failure to join all defendants in the petition is a defect in the removal procedure.'") *with Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989) ("'The statutory time limit for removal petitions is merely a formal and modal requirement, and is not jurisdictional.'"). Accordingly, such procedural defects can be waived by a plaintiff's failure to timely file a motion to remand. *Compare Leaming, supra,* at *2 n.1 ("[A]ny failure by the removing defendants to satisfy the unanimity requirement is waived as a basis for remand unless the plaintiff raises the defect within 30 days after removal.") *with Wilson, supra*, 888 F.2d at 781 n.1 ("Under 28 U.S.C. [§] 1447(c) [] which now governs timing for remand petitions, a motion for remand for 'defect[s] in removal procedure' must be filed within 30 days of notice of removal[.] . . . Petitioning for removal outside the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand.").

4. While Conlan contends in its response that the purported procedural "defect" of lack of "timely" unanimity "should be waived[,]" (Doc. 33, at 5) this Court cannot find such waiver given that the plaintiffs timely

filed their motion to remand on December 23, 2009 (Doc. 10), that is, within thirty (30) days of the filing of the notice of removal (*see* Doc. 1 (notice of removal filed November 24, 2009)), and therein raised the unanimity defect (*compare* Doc. 11, at 3-4 & 5 ("Conlan's removal motion is procedurally defective in that it does not demonstrate that Watkins has consented to the removal as required by 28 U.S.C. § 1446(a). [] Although the notice states that Watkins consents to and joins in the petition, no lawyer representing Watkins, nor has Watkins himself, signed the petition as required by § 1446 nor have they filed an endorsement. . . . [S]ection [1446(a)] has consistently been interpreted to mean that all defendants, other than nominal defendants which Watkins is not, must consent to or join in the petition for removal in order for same to be procedurally correct and valid.") *with* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). *See Leaming, supra,* at *2 n.1 ("Liberty removed this action on March 23, 2007, and plaintiff raised the unanimity requirement as a purported defect in removal procedure in a Motion to Remand filed on April 16, 2007. Clearly, then, Leaming has properly preserved and timely raised his contention that removal was defective for want

11

of unanimous consent to removal among the properly named and served defendants.").

    5.    As was the case in *Leaming, supra,* the plaintiffs in this case have properly preserved and timely raised the contention that removal in this case was defective for want of timely unanimous consent. For its part, Conlan also contends that Watkins timely joined the second notice of removal by filing in this Court his written notice of consent to removal and joinder in removal within 30 days of his receipt of the second notice of removal and attached exhibits. (Doc. 33, at 4 ("Conlon submits that Watkins had 30 days from the receipt of the second notice of removal and attached exhibits in which to file a consent to removal pursuant to 28 U.S.C. § 1446(a) and (b) and that Watkins timely joined the second notice of removal.")) Conlon, however, cites to no case which supports its theory in this regard and the case law which it does cite in its responsive brief, including *Leaming, supra,* supports a different conclusion. Reading *Leaming* and the other cases cited therein consistently with the express language of 28 U.S.C. § 1446(b), the undersigned recommends that the Court hold that all defendants must inform the court of their joinder in the removal petition, whether in writing or orally, within thirty (30) days of the removing defendant's receipt of "other" paper establishing a

basis for removal. *Compare Leaming, supra*, at *2 *with Loftis, supra*, at 516; *see Mitsui Lines Ltd. v. CSX Intermodal Inc.,* 564 F.Supp.2d 1357, 1359-1360 (S.D. Fla. 2008) ("A defendant must file its notice of removal within thirty (30) days of service of a pleading which sets forth a basis for removal. [] This thirty-day period begins to run as to *all* defendants when the first defendant is served."); *cf. Cartee v. Precise Cable Construction, Inc.,* 2005 WL 2893951, *3-*5 (S.D. Ala. 2005) (applying the first-served defendant rule and finding that the 30-day removal clock begins to run as soon as the first defendant is served). In the removal petition, Conlan specifically avers that "[t]he November 21, 2009[3] depositions confirmed the amount of the Plaintiff's medical bills contained in the certified records, and this action is removed within thirty (30) days of notice thereof to Conlan pursuant to 28 U.S.C. § 1446(b) and *Lowery*." (Doc. 1, at ¶ 7 (footnote added)) Accordingly, under the best case scenario for the defendants, Watkins had until December 21, 2009 to specifically inform the court, whether in writing or orally, that he consented to and joined in the removal of this action to this Court.[4] To opt for Conlan's

---

[3]  As noted above, November 21, 2009 is the date Conlan received the deposition transcripts, as all relevant depositions were taken on either November 11, 2009 or November 16, 2009. *See, supra*, n.2.

[4]  The undersigned finds this to be the best case scenario, of course, inasmuch as it is clear that Watkins filed his notice of consent to removal and joinder in Conlan's second

13

argument would be to turn a blind eye to the direct participation of Watkins' counsel in the depositions of medical billing records' personnel made the basis of the removal petition, same having been conducted on either November 11, 2009 or November 16, 2009. Based upon this direct knowledge, counsel for Watkins was as aware of the amount in controversy in this case as was counsel for Conlan when it received the deposition transcripts on November 21, 2009

---

removal (Doc. 31) some twenty-nine (29) days after the one-year period for removal expired under the statute (*compare id.* (filed December 23, 2009) *with* Doc. 1, Exhibit A (plaintiffs' complaint filed in the Mobile County Circuit Court on November 24, 2008) *and* 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.")). Accordingly, under this bleaker scenario, the only way Watkins' consent to removal and joinder in removal could have been timely was for his attorney to sign the removal petition or otherwise provide Conlan with a written endorsement of the removal to be filed as an attachment to the removal petition. That Conlan could have gotten Watkins' attorney to sign the removal petition, or alternatively, could have obtained this defendant's written endorsement, cannot be gainsaid given that Watkins' attorney was a signatory to the first removal petition filed in this matter.

Conlan's contention that the plaintiffs should be equitably estopped from raising the one-year bar (Doc. 33, at 5-6) need fail because the removing defendant does not ascribe to plaintiffs any conduct counseling estoppel. *Compare Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1366 (N.D. Ala. 1997) ("[A] plaintiff who makes no bona fide effort to serve a complaint upon the defendant until the one year period has run will be estopped from asserting that the commencement of the action occurred upon the filing of the complaint.") *with* Doc. 33, at 6 ("Here, the Plaintiffs should be estopped from raising the one-year bar referenced above due to, *inter alia*, the Plaintiffs' failure to engage in meaningful discovery."). Not only does Conlan's argument fail to meet the equitable estoppel mark set forth in *Barnett* but, in addition, the suggestion that plaintiffs did not engage in meaningful discovery is belied by the numerous depositions to which Conlan prominently cites in its notice of removal to establish the jurisdictional amount in controversy requirement. Accordingly, the undersigned recommends that the Court reject Conlan's argument in this regard.

and, therefore, Watkins was required to express his consent to removal with this Court not later than December 21, 2009. Because Watkins' notice of consent to removal and joinder in removal was not filed until December 23, 2009 (Doc. 31) it comes too late to meet the statutory requirement of unanimity and, therefore, this action must be remanded to state court. *See Betts v. Larsen Intermodal Services, Inc.,* 2006 WL 1748600, *1 (S.D. Ala. 2006) ("Without the timely consent of all defendants, removal is defective and the case may be appropriately remanded pursuant to 28 U.S.C. § 1447(c).").[5]

---

[5] Should the Court disagree with the undersigned's unanimity analysis and find that Watkins timely consented to and joined in Conlan's removal petition, both as it relates to the 30-day period and one-year period set forth in the controlling second paragraph of 28 U.S.C. § 1446(b), the undersigned still would recommend that the Court decline to exercise diversity jurisdiction in this matter, as the removing party has failed to establish by a preponderance of the evidence, namely "other" paper received from plaintiff, that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Lowery, supra,* 483 F.3d at 1213 n.63 ("Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists."). While the amount in controversy may well exceed the jurisdictional requirement, none of the documents upon which Conlan ultimately relies as establishing that plaintiff seeks more than $75,000, that is, the medical bills and the depositions of billing personnel from the various hospitals and rehabilitation facilities providing care to plaintiff following the accident made the subject of the complaint, were received from plaintiff.

Conlan concedes, as it must, that *Lowery*'s description of "other" paper "places emphasis on information received by a defendant from the plaintiff[.]" (Doc. 33, at 7) The removing defendant with the next stroke of the pen, however, glosses over *Lowery*'s description by stating that "the Eleventh Circuit clearly held that 'other paper' can consist of responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, and e-mails estimating damages[,]" (*id.* at 7-8) without also recognizing that such other paper need be "authored" by the plaintiff. In other words, the "other" paper must be plaintiff's responses to

15

# CONCLUSION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the motion to remand this case to the Circuit Court of Mobile County, Alabama (Doc. 10) be **GRANTED**.

The instructions which follow the undersigned's signature contain

---

requests for admissions, settlement offers made by plaintiffs (i.e., their attorneys), a plaintiff's interrogatory responses, a plaintiff's deposition testimony, *see S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 491 & 494 (5th Cir. 1996) (case cited by *Lowery* for proposition that "other" paper can be in the form of deposition testimony demonstrates that the deposition testimony relied upon for removal was that of the president of the corporate plaintiff, that is, the plaintiff); *Sudduth v. Equitable Life Assurance Society,* 2007 WL 2460758, *2 (S.D. Ala. 2007) (case decided after *Lowery* which establishes, in this district, that a plaintiff's deposition transcript constitutes "other" paper), and e-mails from a plaintiff (i.e., his attorney) estimating damages. While Conlan does point to certain of plaintiff's responses to written discovery, those responses do not, in and of themselves, establish that the amount in controversy exceeds $75,000. *See, e.g., Harmon v. Wal-Mart Stores, Inc.,* 2009 WL 707403, *4 (M.D. Ala. 2009) ("[T]he effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction."). Rather, it is only by looking at the deposition testimony of billing personnel from the various hospitals and rehabilitation facilities which treated Billy Joe Whittington after his November 14, 2008 accident and the billing records from those facilities, none of which were "authored" by plaintiffs or received by defendant from the plaintiffs, that it can be discerned that the amount in controversy in this case exceeds $75,000. Therefore, this case must be remanded to state court. *Cf. Ragbir v. Imagine Schools of Delaware, Inc.,* 2009 WL 2423105, *5 (M.D. Fla. 2009) ("The Eleventh Circuit has explained that the thirty-day time limit does not begin to run until a defendant receives an unambiguous statement from the plaintiff which clearly establishes federal jurisdiction. When not readily ascertainable from the complaint, this statement may come from any 'other paper' from the plaintiff, including deposition testimony. Evidence independently gathered by the defendant 'from outside sources is not of the sort contemplated by § 1446(b). From this reasoning, it follows that a defendant's actual knowledge of the value of the plaintiff's claim is irrelevant because the triggering 'other paper' must come from the plaintiff (or the court)." (internal citations to *Lowery* omitted)).

important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 20th day of January, 2010.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).