# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BILLY  JOE WHITTINGTON** | ) |
| **and PATRICIA WHITTINGTON,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )**CIVIL ACTION NO.  09-0772-KD-C** |
| | ) |
| **ROBERT WATKINS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the court on the Magistrate Judge's report and recommendation (Doc. 37) regarding the removal petition (Doc. 1; *see also* Docs. 2-3, 5 & 7-9), plaintiff's motion to remand (Doc. 10; *see also* Doc. 11; *see* Docs. 12-30), the notice of consent to removal and joinder in removal filed by defendant Robert Watkins on December 23, 2009 (Doc. 31); defendant Conlan Construction company's objection to the report and recommendation (Doc. 38); and the plaintiffs' response thereto (Doc. 42).  The Magistrate Judge's recommendation is amended and adopted as follows:

## FINDINGS OF FACT

1.      Plaintiffs initially filed this negligence, wantonness, and loss of consortium action in the Circuit Court of Mobile County, Alabama on November 24, 2008. (Doc. 1, Exhibit B(3), at 1-2) The Conlan Company, with the concurrent consent of co-defendant

Robert Watkins,[1] removed the action to this Court on June 17, 2009, alleging diversity of

citizenship and pointing to documentation received by the defendants indicating that Billie

Joe Whittington's medical expenses arising from the November 14, 2008 motor vehicle

accident, made the basis of his lawsuit, totaled $148,430.39. *See Whittington v. Watkins*, CA

09-0352-KD-M, Doc. 1. This Court remanded the action to the Mobile County Circuit Court,

by order dated September 23, 2009, on the basis that the documentation upon which the

removing defendants purported to predicate subject-matter jurisdiction was not received from

the plaintiffs and, therefore, under *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63

(11th Cir. 2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct.

2877, 171 L.Ed.2d 812 (2008), such documentation did not constitute "other paper" under

the second paragraph of 28 U.S.C. § 1446(b). (*See* Doc. 1, Exhibits B(3)-B(4))

      2.      The Conlan Company filed another notice of removal on November 24, 2009,

one year to the day following the filing of plaintiffs' complaint. (*Compare* Doc. 1, at 1 *with*

Doc. 1, Exhibit A, COMPLAINT) This notice of removal reads, in relevant part, as follows:

> 5.      Through recent State court discovery, Conlan has received Plaintiff Billy Joe Whittington's [] certified medical records, including certified copies of the Plaintiff's medical bills. Furthermore, Conlan took the depositions of the various record custodians of the Plaintiff's medical providers which show, by a preponderance of the evidence, that the amount in controversy in this action exceeds $75,000.00.

---

[1]      Watkins' attorney was a signatory to this removal petition. *See Whittington v. Watkins,* CA 09-0352-KD-M, Doc. 1, at 4.

The Plaintiff, Billy Whittington, indicated in his discovery responses to Conlan's First Set of Interrogatories and Requests for Production, and in his responses to Conlan's Request for Admissions, that he received treatment for injuries made the basis of his Complaint at Vanderbilt University Medical Center, Vanderbilt University Stallworth Rehabilitation, Star Physical Therapy, and The University of South Alabama Hospitals. The Plaintiff has also acknowledged that he is seeking a claim for lost wages. The Plaintiff's responses and supplemental responses to Interrogatories 18 and 19 of Conlan's First Set of Interrogatories and Requests for Production indicate that the Plaintiff has not sustained any injuries after the accident made the basis of the Plaintiff's complaint, and that the only injur[y] the Plaintiff suffered prior to the accident w[as] a broken foot in 2002 where the Plaintiff recovered 100%.

Conlan has taken the depositions of the billing records custodians of the Plaintiff's referenced medical providers and has obtained certified copies of the Plaintiff's medical records from Vanderbilt University Medical Center, Star Physical Therapy, Vanderbilt University Stallworth Rehabilitation, and The University of South Alabama Hospitals. The testimony from these depositions and the certified records associated therewith clearly prove that Plaintiff, Billy Joe Whittington, has received treatment in the amount of $115,777.74.

.    .    .

6.    . . . Conlan has now received certified documents and sworn deposition testimony that the amount in controversy exceeds $75,000.00. The certified records were produced in response to a valid release offered by the Plaintiff. Exhibit I(1) reveals a total of $50,717.66 of treatment, Exhibits J(1)(a) [] shows the Plaintiff's medical treatment was $11,090.00. Exhibits K(1) and L(1) show the Plaintiff's treatment at these medical institutions was $34,587.48 and $19,382.60, respectively. The total amount of certified bills which have been

confirmed through deposition testimony are $115,777.74. If the lost wage claim is added to these medical bills, the total amount in controversy would be at least $141,631.74[] ($115,777.74 + 25,854.00). These documents show by a preponderance of the evidence, pursuant to *Lowery v. Alabama Power Company*, 483 F.3d 1184 (11th Cir. 2007), that the amount in controversy is well in excess of $75,000.00. . . . Conlan respectfully requests this Honorable Court weigh the evidence attached to this Notice of Removal, which was obtained in State court discovery, pursuant to the holding in *Lowery*. Engaging in such an assessment would not be "guess work" and would not require speculation, as the evidence submitted consists of certified records and sworn testimony. Deposition testimony is "other paper" which can be considered by this Honorable Court.

In addition to the medical records obtained, an offer of judgment in the amount of $100,000.00 was made to the Plaintiffs by Conlan on October 21, 2009. The Plaintiffs, through their non-response to the same, rejected this offer of judgment, which is further evidence that they seek more than $100,000.00 from Conlan in this action. Additionally, Defendant Robert Watkins sent the Plaintiff a letter dated October 21, 2009, wherein Watkins discussed removal and asked the Plaintiffs, in good faith, to stipulate that the Plaintiffs would not seek more than $75,000.00 in this action. The Plaintiffs refused to sign this stipulation which is further evidence that the amount in controversy exceeds $75,000.00.

7.      ***The November 21, 2009[2] depositions confirmed the amount of the Plaintiff's medical bills contained in the certified records, and this action is removed within thirty (30)***

---

[2]      It is clear to the undersigned, after considering all record evidence, that November 21, 2009 is the date upon which the removing party is stating that it received the deposition transcripts, inasmuch as it is clear that the depositions made the basis of this second removal occurred on either November 11, 2009 (*see* Doc. 2, Exhibit I, Deposition of Tiffany Henderson; Doc. 5, Exhibit J, Deposition of Damon Adelgren; Doc. 7, Exhibit K, Deposition of Shelly Manus) or November 16, 2009 (Doc. 9, Exhibit L, Deposition of Teresa M. Englestead).

> *days of notice thereof to Conlan pursuant to 28 U.S.C. §*
> *1446(b) and Lowery*.
>
>     8.     *Defendant Robert Watkins consents to and joins*
> *in said removal pursuant to 28 U.S.C. § 1446(a)*.

(Doc. 1, at 3-4, 5 & 6-7 (internal citations omitted; emphasis supplied))

     3.     While Conlan's removal petition clearly states that Watkins was consenting to same (Doc. 1, ¶ 8), Watkins' attorney did not sign this removal petition, as he had the previous one (*compare* Doc. 1, at 8 *with Whittington v. Watkins*, CA 09-0352-KD-M, Doc. 1, at 4), and Watkins did not file his written notice of consent to removal and joinder in removal until December 23, 2009 (Doc. 31), several hours after plaintiffs identified the lack of unanimity in their motion to remand (*compare id. with* Doc. 11, at 3-4 & 5-9). Of course, December 23, 2009 falls more than thirty (30) days after the date upon which Conlan identifies in the removal petition as the date the case became removable (*see* Doc. 1, at ¶ 7 ("The November 21, 2009 depositions confirmed the amount of the Plaintiff's medical bills contained in the certified records, and this action is removed within thirty (30) days of notice thereof to Conlan pursuant to 28 U.S.C. § 1446(b) and *Lowery*.")) and almost one month to the day after the one-year period for removal provided by statute, *see* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable, ***except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action***." (emphasis supplied)).

## CONCLUSIONS OF LAW

1.    "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co*., 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *Jeffcoat v. American Gen'l Life & Acc. Ins. Co.,* 2001 WL 611196, *1 (M.D. Ala. 2001) ("Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. . . . 'All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court.'"). In *Russell Corp., supra*, the Eleventh Circuit recognized that even though some might regard certain bright-line "limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals)" as arbitrary and unfair, those limitations "are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." 264 F.3d at 1050; *see Jerrell v. Kardoes Rubber Co., Inc*.,

348 F.Supp.2d 1278, 1283 (M.D. Ala. 2004) ("Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege.").

2. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*[.]" (emphasis added)

3. The unanimity rule "requires that the later-served defendant receive the consent of all then-served defendants <u>at the time</u> he files his notice of removal." *Bailey v. Janssen Pharmaceutica, Inc.,* 536 F.3d 1202, 1207 (11th Cir. 2008).

4. Consent is indicated either by signing the original petition or by timely filing a written indication of consent to removal. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262, fn.11 (5th Cir. 1988). Consent has been

considered timely when it is filed within the time period prescribed in 28 U.S.C. §1446(b), i.e., 30 days from service on the removing defendant of the initial complaint, or 30 days from service on the removing defendant of the "amended complaint, motion, order or other paper". However, even these time limits are narrowed by the no "more than one year after commencement of action" removal limitation. Specifically, just as a removing defendant's 30 day window of opportunity to remove may be further limited by the 1 year limitation, so is the 30 day window for timely consent to removal.

     5.     A lack of unanimity in removal, along with the often hand-in-hand statutory time limit for removal petitions, are procedural defects as opposed to jurisdictional defects, *compare Hernandez v. Seminole County, Florida*, 334 F.3d 1233, 1237 (11th Cir. 2003) ("'The failure to join all defendants in the petition is a defect in the removal procedure.'") *with Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n.1 (11th Cir. 1989) ("'The statutory time limit for removal petitions is merely a formal and modal requirement, and is not jurisdictional.'"). Accordingly, such procedural defects can be waived by a plaintiff's failure to timely file a motion to remand. *Id.* at 781 n.1 ("Under 28 U.S.C. [§] 1447(c) [] which now governs timing for remand petitions, a motion for remand for 'defect[s] in removal procedure' must be filed within 30 days of notice of removal[.] . . . Petitioning for removal outside the 30-day window constitutes a defect in removal procedural which may be waived by failure to timely file a motion for remand.").

6.       While Conlan contends in its response that the purported procedural "defect" of lack of "timely" unanimity "should be waived[,]" (Doc. 33, at 5) this Court cannot find such waiver given that the plaintiffs timely filed their motion to remand on December 23, 2009 (Doc. 10), that is, within thirty (30) days of the filing of the notice of removal (*see* Doc. 1 (notice of removal filed November 24, 2009)), and therein raised the unanimity defect (*compare* Doc. 11, at 3-4 & 5 ("Conlan's removal motion is procedurally defective in that it does not demonstrate that Watkins has consented to the removal as required by 28 U.S.C. § 1446(a). [] Although the notice states that Watkins consents to and joins in the petition, no lawyer representing Watkins, nor has Watkins himself, signed the petition as required by § 1446 nor have they filed an endorsement. . . . [S]ection [1446(a)] has consistently been interpreted to mean that all defendants, other than nominal defendants which Watkins is not, must consent to or join in the petition for removal in order for same to be procedurally correct and valid.") *with* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Thus, the plaintiffs in this case have properly preserved and timely raised the contention that removal in this case was defective for want of timely unanimous consent.

7. Conlan also contends that Watkins timely joined the second notice of removal by filing in this Court his written notice of consent to removal and joinder in removal within 30

days of his receipt of the second notice of removal and attached exhibits. (Doc. 33, at 4 ("Conlon submits that Watkins had 30 days from the receipt of the second notice of removal and attached exhibits in which to file a consent to removal pursuant to 28 U.S.C. § 1446(a) and (b) and that Watkins timely joined the second notice of removal.")) Conlon, however, cites to no case which supports its theory in this regard.[3]

8. Watkins filed his notice of consent to removal and joinder in Conlan's second removal (Doc. 31) some twenty-nine (29) days after the one-year period for removal expired under the statute (*compare id.* (filed December 23, 2009) *with* Doc. 1, Exhibit A (plaintiffs' complaint filed in the Mobile County Circuit Court on November 24, 2008) *and* 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.")). Accordingly, the only way Watkins' consent to removal and joinder in removal could have been timely was for his attorney to sign the removal petition or otherwise provide Conlan with a written endorsement of the removal to be filed as an attachment to the removal petition.[4]

Accordingly, the plaintiff's motion to remand (Doc. 10) is **GRANTED** and the case

---

[3]    In the defendants' objection to the report and recommendation they argue that *Bailey v. Janssen* supports their contention.   In *Bailey* the court addressed the timing of filing a removal petition and held that the last served defendant can file a removal petition which may be joined by previously served defendants. *Bailey,* 536 F.3d 1202. *Bailey* did not alter the requirement of consent of all served defendants at the time of removal.

[4]    That Conlan could have gotten Watkins' attorney to sign the removal petition, or alternatively, could have obtained this defendant's written endorsement, cannot be gainsaid given that Watkins' attorney was a signatory to the first removal petition filed in this matter.

is **REMANDED** to the Circuit Court of Mobile County, Alabama.

      **DONE** and **ORDERED** this the **19th** day of **March, 2010**.


          /s/ Kristi K. DuBose
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**